BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE: COMMUNITY HEALTH SYSTEMS, INC.,
RACKETEER INFLUENCED AND CORRUPT                    MDL-_____
ORGANIZATIONS ACT (RICO) LITIGATION

MOTION OF PLAINTIFFS FOR TRANSFER OF ACTIONS TO THE NORTHERN
DISTRICT OF ALABAMA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR
CONSOLIDATED PRETRIAL PROCEEDINGS

Pursuant to 28 U.S.C. § 1407, Plaintiffs[1] ("Movants") from the first-filed *Alverson* case, hereby respectfully move the Judicial Panel on Multidistrict Litigation for an order transferring the five related actions set forth in the Schedule of Actions filed herewith, which are pending before five different federal courts, and any subsequently filed related actions, to a single judge in the Northern District of Alabama for coordinated pretrial proceedings. The related actions allege claims against Defendant Community Health Systems, Inc. (hereinafter "CHS") and its subsidiaries and affiliates, which are members of the CHS Enterprise, for damages caused by CHS's promises to protect Plaintiffs' Personally Identifiable Information and Protected Health Information (hereinafter "PII/PHI"). Further, all but one of the related actions are almost word-for-word recitations of the original Complaint filed in *Alverson*, but have failed to adopt and allege *Alverson*'s lengthy and complex amended allegations. (*Compare* Ex. F *with* Exs. B, C, D, & E.)

In support of this motion, and as set forth in more detail in the accompanying supporting brief, Movants submit:

---

[1] Denise B. Alverson, Janet F. Bearden, Bobbie Jean Richard, Dallas W. Richard, Robert Cadle, Patricia Saye, Cynthia K. Horgan, Lynda Grantham, Martin J. Griffin, Steve Percox, Joel Lovelace, Crystal Johnson, Stephen Ziegler, Lanncy C. Reeves, Kristopher J. Byrum, Sarah Truman, Joshua Capps, Johannes A. Nhete, Richard Dale Floyd, Christopher L. Brown, and Hixie Lewis.

1. CHS is a Defendant in each of the five related actions set forth in the Schedule of Action.

2. Community Health Systems Professional Services Corporation is a Defendant in each of the five related actions set forth in the Schedule of Action.

3. Although all related actions name individual hospitals that are not named in the other related actions, Plaintiffs' Second Amended Complaint names Gadsden Regional Medical Center, LLC; Riverview Regional Medical Center, LLC; Foley Hospital Corporation; Anniston HMA, LLC; and Affinity Hospital, LLC.

4. However, unique to the Plaintiffs' Second Amended Complaint—and something that does not occur in the related actions—Defendant Gadsden Regional Medical Center, LLC is named individually and as class representative for a Nationwide Class of Hospital Defendants defined as: "Any hospital in the United States that was owned operated, leased, managed, and/or controlled by and/or affiliated with Community Health Systems, Inc. and/or Community Health Systems Professional Services Corporation at any time during the period of April 1, 2009 until August 20, 2014." (Ex A., ¶ 209).

5. Further, and also unique to Plaintiffs' Second Amended Complaint and something that does not occur in the related actions, Defendant Affinity Hospital, LLC is named individually and as class representative for a Nationwide Sub-Class of Hospital Defendants (who did not have patient information taken during a data breach) defined as: "Any hospital in the United States that was owned operated, leased, managed, and/or controlled by and/or affiliated with Community Health Systems, Inc. and/or Community Health Systems Professional Services Corporation that did not have customers and/or patients whose PII/PHI was wrongfully accessed, copied, and transferred in the months on or about April 2014 and June 2014, but was  owned

operated, leased, managed, and/or controlled by and/or affiliated with Community Health Systems, Inc. and/or Community Health Systems Professional Services Corporation at any time during the period of April 1, 2004 until August 20, 2014 that had any role whatsoever in the allegations herein pertaining to violations of 18 U.S.C. § 1962." (Ex A., ¶ 210).

6. Also unique to Plaintiffs' Second Amended Complaint and something that does not occur in the related actions, Defendant Gadsden Regional Physician Group Practice LLC is named individually and as class representative for a Nationwide Class of Clinic Defendants defined as: "Any entity in the United States that was owned operated, leased, managed, and/or controlled by and/or affiliated with Community Health Systems, Inc. and/or Community Health Systems Professional Services Corporation at any time during the period of April 1, 2009 until August 20, 2014." (Ex A., ¶ 223).

7. Further, and again unique to Plaintiffs' Second Amended Complaint and something that does not occur in the related actions, there is a Nationwide Sub-Class of Clinic Defendants (who did not have patient information taken during a data breach) defined as: "Any entity in the United States that was owned operated, leased, managed and/or controlled by and/or affiliated with Community Health Systems, Inc. and/or Community Health Systems Professional Services Corporation that did not have customers and/or patients whose PII/PHI was wrongfully accessed, copied, and transferred in the months on or about April 2014 and June 2014, but was owned operated, leased, managed, and/or controlled by and/or affiliated with Community Health Systems, Inc. and/or Community Health Systems Professional Services Corporation at any time during the period of April 1, 2004 until August 20, 2014 that had any role whatsoever in the allegations herein pertaining to violations of 18 U.S.C. § 1962." (Ex A., ¶ 224).

8. Although Plaintiffs' Second Amended Complaint alleges unique claims not alleged in the related actions—such as Violation of 18 U.S.C. § 1962 (a), 18 U.S.C. § 1962 (b), 18 U.S.C. § 1962 (c), 18 U.S.C. § 1962 (d), 18 U.S.C. § 1030, and conspiracy—the related West Virginia, New Mexico, and Mississippi actions are almost word-for-word redundancies of the claims in Plaintiffs' Original Complaint and the related Pennsylvania action, though not word-for-word, is based upon the same facts and makes claims that are subsumed within Plaintiffs' Original Complaint. These claims arise out of CHS's promises to protect Plaintiffs' PII/PHI and two subsequent data breach and state counts for Unjust Enrichment, Money Had and Received, Breach of Contract (express and/or implied), Negligence, Negligence *per se*, Wantonness, Breach of Covenant of Good Faith & Fair Dealing, Willful Violation of the Fair Credit Reporting Act, Negligent Violation of the Fair Credit Reporting Act, and Invasion of Privacy.

9. Some of the related actions, though, are unique from Plaintiffs' Second Amended Complaint because they state counts for consumer fraud.

10. Discovery is not expected to be complicated and the parties can gain efficiencies from the relatedness. Although the bulk of Plaintiffs' anticipated discovery will be unique and unrelated to the related actions because it will pertain to Plaintiffs' RICO allegations and seek information pertaining to mail fraud, wire fraud, Defendants' inappropriately increasing patient admissions to increase revenues and overbill Plaintiffs and the indemnitors, unlawful receipt of payments from the Centers for Medicare & Medicaid Services (CMS), use of investment of enterprise income (including the use and investment of enterprise income into the acquisition and development of Grandview Medical Center located in Birmingham, Alabama), participation in racketeering activities, and maintaining control of a racketing enterprise, the related actions will ultimately share discovery over a few certain facts including how CHS's computer systems were

4

hacked and what safeguards were in place. This could be done with extreme efficiency because CHS does not deny—at least not in its public filings with the Securities Exchange Commission—that 4.5 million former patients had their information access, transferred, and copied. Further, CHS has already undertaken a thorough investigation of how the breach occurred and this information should be readily available in discovery. Thus, consolidation would allow the parties to share discovery on what safeguards, if any, CHS had in place to prevent data breaches like the two that occurred.

11.     Further, although Plaintiffs' Second Amended Complaint is unique from the related actions because it alleges further misuse of Plaintiffs' identities that have not been reimbursed, all of the related actions are common because they all allege that Plaintiffs have paid Defendants for services to protect their PII/PHI that were not provided.

12.     Transfer and coordination pursuant to 28 U.S.C. § 1407(a) is appropriate because: (i) the actions assert claims against CHS and its subsidiaries and affiliates for damages and injuries sustained by former patients/customers; (ii) the actions involve common questions of fact, including how the breach occurred and what safeguards, if any, were in place; (iii) transfer to a single district will be convenient for all parties and witnesses and will allow for just and efficient pretrial proceedings; and (iv) absent transfer and coordination, the parties and courts will face the burden and expense of duplicative discovery and pretrial proceedings and inconsistent pretrial rulings. The creation of a multidistrict litigation is also appropriate at this time because many additional actions may be filed in the future and pretrial coordination is the only way to ensure orderly pretrial litigation.

13.     In addition, Movants respectfully request that the Panel coordinate these actions in the Northern District of Alabama, a highly accessible and vibrant metropolitan location, where

the oldest, most developed, and broadest action is pending. Specifically, *Alverson, et al. v. Community Health Systems, Inc., et al.*, has plaintiffs from several states (though counsel expects to add more in its forthcoming Third Amended Complaint) and is the only action that names two nationwide classes of defendants and, thus, provides binding relief for every potential plaintiff against every possible defendant. Further, coordination before the Honorable Karon O. Bowdre, Chief Judge, would best serve the purposes of 28 U.S.C. § 1407. She has significant familiarity with this litigation (including the underlying actions that occurred in the Northern District of Alabama) and has the expertise and knowledge to effectively manage a coordinated proceeding.

14. This motion is based on the accompanying brief and Schedule of Actions, the pleadings and papers filed herein, and such other and further matters as may be presented to this Panel at the time of any hearing.

15. In compliance with Rule 4.1 of the Rules of Civil Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiffs have simultaneously delivered copies of this motion and supporting papers to the Clerk of each district in which the related actions are pending.

Respectfully submitted,

/s/ T. Dylan Reeves
Donald W. Stewart
Greg W. Foster
T. Dylan Reeves

OF COUNSEL:
Stewart & Stewart, PC
P.O. Box 721
Bessemer, AL 35021
Phone: (205) 425-1166
Fax: (205) 425-5959
E-mail: donaldstewart5354@yahoo.com;
    greg@stewartandstewar.net; dreeves@stewartandstewart.net

**Attorneys for Plaintiffs:**

Denise B. Alverson

Janet F. Bearden
Bobbie Jean Richard
Dallas W. Richard
Robert Cadle
Patricia Saye
Cynthia K. Horgan
Lynda Grantham
Martin J. Griffin
Steve Percox
Joel Lovelace
Crystal Johnson
Stephen Ziegler
Lanncy C. Reeves
Kristopher J. Byrum
Sarah Truman
Joshua Capps
Johannes A. Nhete
Richard Dale Floyd
Christopher L. Brown
Hixie Lewis